IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL RAHIMI, NAJIBA RAHIMI,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION ("Amtrak"), UNION PACIFIC RAILROAD, HAYWARD UNIFIED SCHOOL DISTRICT, *et al.,*<br><br>    Defendants.<br>_____ / | No. C 08-4712 MEJ<br><br>**ORDER RE MOTION FOR RELIEF FROM THE CALIFORNIA GOVERNMENT TORT CLAIM FILING REQUIREMENTS** [Dkt. #13] |

Pending before the Court is Plaintiffs Abdul Rahimi and Najiba Rahimi's Motion for Relief from the California Government Tort Claim Filing Requirements (Dkt. #13). Defendant Hayward Unified School District ("HUSD") has filed an Opposition (Dkt. #19.)[1] On June 25, 2009, the Court held a hearing on Plaintiffs' Motion. After consideration of the parties' briefs, relevant legal authorities, and oral argument, the Court **DENIES** Plaintiffs' Motion.

## I.   BACKGROUND

Plaintiffs initiated this action on September 23, 2008, by filing a Complaint in California Superior Court, County of Alameda, against Defendants HUSD, Amtrak, and Union Pacific Railroad asserting causes of action for negligence and premises liability stemming from the death of their son.[2] (Dkt. #1, Ex. A.)  On October 10, 2008, Defendant National Railroad Passenger Corporation (hereinafter "Amtrak") removed the action to this Court, pursuant to 28 U.S.C. § 1441(a) and 28

---

[1] Both Plaintiffs and HUSD have filed Objections to each others' declarations filed in support of their respective briefs. (*See* Dkt. ## 19, attachments 3 & 4; 26, 27.) Because the bulk of the objections relate to statements and evidence that are unnecessary to the disposition of the instant Motion, the Court will overrule both parties' objections without prejudice.

[2] Case No. RG08-411297.

U.S.C. § 1331. (*Id.*) The relevant facts, taken from Plaintiffs' Complaint and Motion, are as follows.

Plaintiffs are the parents of decedent Ahmad Rashed Rahimi. (Mot. at 2.) In the Fall of 2007, Ahmad was a student at Tennyson High School, which is part of HUSD. (Mot. at 1.) On the morning of September 26, 2007, Ahamd was crossing the railroad tracks adjacent to Tennyson High School when an Amtrak and/or Union Pacific Railroad train struck and killed him. (Mot. at 1-2.) At the time of the incident, Ahamd was on his way to school. (Mot. at 1-2.)

Because HUSD is a state entity, pursuant to the California Tort Claims Act ("CTCA"), Plaintiffs were required to present any tort claim for wrongful death to HUSD within six months after the cause of action accrued. *See* Cal. Gov. Code §§ 945.5, 911.2(a).[3] It is undisputed that Plaintiffs did not file a claim with HUSD during this six-month period. Consequently, on September 16, 2008, Plaintiffs presented HUSD with an Application to Present a Late Claim pursuant to California Government Code § 911.4. (Dkt. #18, 3/16/09 Declaration of Steven A. Fabbro, Ex. 1.) Shortly thereafter, and before HUSD issued its decision on the Application, Plaintiffs filed the instant lawsuit in state court. (Mot. at 5.) Subsequently, on September 30, 2008, HUSD denied Plaintiffs' Application. (3/16/09 Fabbro Decl., Ex. 2.) Plaintiffs then filed a motion in state court for relief from the California Government Tort Claim filing requirement pursuant to California Government Code § 946.6. (3/16/09 Fabbro Decl. at ¶3.) Before the state court issued its ruling, the other named defendants removed the action to this Court. As a result, the state court issued an order "dropping" the motion on the basis that removal of the lawsuit to federal court had divested it of jurisdiction over the motion. (Dkt. #29, 6/11/09 Declaration of Steven A. Fabbro, Ex. 1.) Plaintiffs then filed the instant Motion pursuant to § 946.6, petitioning this Court for relief from the claim filing requirement.

## II. LEGAL STANDARD

The CTCA provides, in pertinent part, that "no suit for money or damages may be brought against a public entity on a cause of action [against a public entity or employee] until a written claim

---

[3]Except as otherwise indicates, all statutory references and citations in this Order shall be to the California Government Code.

2

therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board ...." Cal. Gov. Code § 945.4. California Government Code § 911.2 states that, "[a] claim relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action."

Should a claimant fail to meet this six-month deadline, the CTCA establishes certain avenues for relief. Section 911.4(a) provides that "[w]hen a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim." This written application "shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." Cal. Gov. Code § 911.4(b). According to section 911.6(b)(1), the public entity is to grant the application if: "The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced in its defense of the claim by the failure to present the claim within the time specified in Section 911.2." If the public entity denies the application, section 946.6 provides a judicial avenue for the claimant to seek relief from the notice of claim requirement. Specifically, section 946.6 provides, in relevant part:

> (a) If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petition from Section 945.5. The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates.

The claimant must file the petition within six months after denial of the claimant's application pursuant to section 911.6, and must state the reason for failing to present the claim within the time limit specified in section 911.2. Cal. Gov. Code § 946.6(b). Section 946.6(c) then sets forth the standard for granting a petition, and provides in part:

> (c) The court shall relieve the petitioner from the requirements of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that one or more of the following is applicable:
>    (1) The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity

3

> establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4.

To be entitled to relief, the petitioner must make the showing under (c)(1) by a preponderance of the evidence. *See Ebersol v. Cowan*, 35 Cal. 3d 427, 432 (Cal. 1983). In evaluating whether a petitioner has made a sufficient showing under section 946.6(c)(1), the Court applies the same standards as required by California Code of Civil Procedure section 473 for relieving a party from default judgment. *See Bertorelli v. City of Tulare*, 180 Cal. App. 3d 432, 438 (Cal. Ct. App. 1986).

California courts have defined "excusable neglect" as "the act or omission that might be expected of a prudent person under similar circumstances." *See Dep't of Water & Power v. Superior Court*, 82 Cal. App. 4th 1288, 1293 (Cal. Ct. App. 2000). Notably, "[i]t is not shown by the mere failure to discover a fact until it is too late; the party seeking relief must establish that *in the exercise of reasonable diligence*, he failed to discover it." *People ex rel. Dep't of Trans. v. Superior Court (Isenhower)*, 105 Cal. App. 4th 39, 44 (Cal. Ct. App. 2003) (citing *Munoz v. State of Cal.*, 33 Cal. App. 4th 1767, 1783 (Cal. Ct. App. 1995)). As the California Court of Appeal explained:

> The law neither expects nor requires an unsophisticated claimant to undertake an in-depth investigation into the possible liability of public entities, or to be aware of the peculiar time limitations of the governmental claims statues. However, California cases are uniformly clear that "*a petitioner may not successfully argue excusable neglect when he or she fails to take any action in pursuit of the claim within the six-month period.* The claimant *must, at a minimum, make a diligent effort to obtain legal counsel within six months after the accrual of the cause of action*. Once retained, it is the responsibility of legal counsel to diligently pursue the pertinent facts of the cause of action to identify possible defendants."

*Isenhower*, 105 Cal. App. 4th at 44-45 (citations omitted).

If the petitioner makes a sufficient showing under section 946.6(c)(1), the Court must then consider whether the public entity would be prejudiced by the granting of the petition. *See Ebersol*, 35 Cal. 3d at 432. With these standards as guidance, the Court turns to the parties' arguments.

### III. DISCUSSION

**A.   Jurisdiction**

As a threshold issue, the Court must address HUSD's challenge that this Court lacks jurisdiction to rule on Plaintiffs' section 946.6 Motion. HUSD argues that, because section 946.6

4

directly implicates issues relating to California's sovereign immunity, federal courts lack subject matter jurisdiction over petitions brought pursuant to this section. In support of its position, HUSD cites *Hernandez v. McLananha*, 996 F. Supp. 975 (N.D. Cal. 1998). In that case, the district court dismissed a plaintiff's petition for relief pursuant to section 946.6 on the ground that the district court was not a "proper court" to hear the petition. *Id*. at 978. Rather, it concluded that only California state courts were authorized to rule such motions. *Id*. Central to the *Hernandez* decision was the premise that because ruling on a section 946.6 petition "necessarily involves a judicial decision regarding waiver of California's [sovereign] immunity, section 946.6 petitions must be left to the state judiciary." *Id*.

However, three years after the *Hernandez* decision, the District Court for the Southern District of California addressed the issue of whether federal district courts had jurisdiction over § 946.6 petitions and reached the opposite conclusion. In *Perez v. City of Escondido*, 165 F. Supp. 2d 1111 (S.D. Cal. 2001), the district court analyzed both *Hernandez*, as well as *Luers v. Smith*, 941 F. Supp. 105 (C.D. Cal. 1996), which also held that federal courts lacked jurisdiction and upon which *Hernandez* relied, and rejected the reasoning in both decisions.[4] Particularly, the *Perez* court reasoned:

> What the court in *Hernandez* ignores is that the state of California has explicitly, by and through the California Tort Claims Act, waived sovereign immunity in certain particular circumstances. Therefore, the question is not whether the state has intended to waive its immunity. The only question is whether a federal court may apply the language of the state statute and determine whether the petitioner is entitled to relief. The approach adopted by the courts in *Luers* and *Hernandez*, finding that a federal court is without jurisdiction to make such a determination, finds no basis in the language of section 946.6. Nothing in the language of section 946.6 precludes a federal court from adjudicating the merits of a petition for relief. The only provision pointed to be either of the courts in *Luers* and *Hernandez* is a *venue* provision.

165 F. Supp. 2d at 1115. The Court has thoroughly reviewed each of these decisions, as well as one additional district court decision, *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011 (C.D.

---

[4]During oral argument on the instant Motion, the Court questioned HUSD about *Perez*. Notably, although counsel did not cite *Perez* in HUSD's discussion about jurisdiction, counsel argued that the Court should reject its holding, based in part on amendments to the advisory notes to section 946.6 (which defense counsel also did not cite in HUSD's brief).

5

Cal.2000), which follows *Luers* and *Hernandez*. While the number of decisions aligns with HUSD's position that this Court lacks jurisdiction, absent a pronouncement from the Ninth Circuit on the issue, the Court finds the reasoning set forth in *Perez* to be the better approach. The Court's finding is further supported by the fact that the Alameda County Superior Court dropped Plaintiff's section 946.6 motion after the underlying lawsuit was removed to federal court. (*See* Dkt. #29, Ex. 1.) This leads the Court to conclude that the state court itself believed that once the case was removed, it no longer had jurisdiction over Plaintiffs' section 946.6 petition. The *Perez* court addressed this concern and reasoned:

> It would not further the remedial purpose of the statute to deny the petition, require Plaintiffs to re-file their petitions in Superior Court, file their tort causes of action in state court upon the granting of the petitions, and then to have the claims removed to the Court again and joined with the current case.

165 F. Supp. 2d at 1115. If the Court were to find that it lacked jurisdiction, Plaintiffs would be without a court to adjudicate their motion. For these reasons, the Court finds that may properly exercise jurisdiction over the instant Motion.

**B.     Plaintiffs' Bases for Relief**

Having concluded that jurisdiction exists, the central question before the Court is whether Plaintiffs have established any of the criteria set forth in section 946.6(c)(1) allowing this Court to relieve them from the claim-filing requirements. Toward this end, Plaintiffs have proffered the following. Plaintiffs explain that they immigrated to the United States from Afghanistan in 2001. (Dkt. #15, Declaration of Abdul Rahimi, ¶3.)  Plaintiffs avow that they have no training or experience in the American legal system, and, as a result, they were unaware that anyone could be held legally liable for the death of their son. (*Id*.) In particular, Plaintiffs state that they were unaware of any filing requirements for the presentation of government claims to public entities, and were not aware that any claim against HUSD relating to the wrongful death of their son had to be filed within six months after the incident. (*Id*.)

Plaintiffs also explain that they were unaware that HUSD could be held liable for their son's death until after the expiration of the six-month period. (*Id*. at ¶4.) They indicate that they contacted an attorney "well after" the six month period, and based on an investigation, they learned

United States District Court
For the Northern District of California

1  about a 1958 Private Roadway Agreement between HUSD's predecessor, Hayward Unified High
2  School District, and Southern Pacific Company.  (*Id.*)  Plaintiffs contend that, pursuant to this
3  contract, HUSD is obligated "to operate and maintain the pedestrian access route and/or roadway,
4  the access gate, roadway and warning signs, and provide a competent adult watchman or guard
5  while the crossing was being used."[5]  (*Id.*)  Plaintiffs state that they "were unaware that HUSD had
6  any legal and/or contractual obligation, and specifically any legal obligations stemming from an
7  agreement created in 1958, to supervise school children, such as Plaintiffs' son, . . . crossing the
8  railway tracks in order to gain access to Tennyson High School[.]"  (Mot. at 9.)  As a result,
9  Plaintiffs failed to present a claim for damages within six months after the incident.
10         Taken together, Plaintiffs contend that their unfamiliarity with the legal system, California's
11  Government Tort Claim filing requirement, and their unawareness of the 1958 agreement amounts to
12  mistake, inadvertence, surprise and/or excusable neglect are sufficient to relive them from the filing
13  requirement pursuant to section 946.6.
14         HUSD, however, argues that none of Plaintiffs' proffered explanations is sufficient to entitle
15  them to relief from the claim-filing requirement.  In particular, HUSD argues that Plaintiffs have not
16  established that they exercised reasonable diligence in an attempt to comply with the claim statute,
17  or that their failure to comply was due to excusable neglect.  Additionally, HUSD contends that it
18  will be unfairly prejudiced if the Court grants Plaintiffs' Motion.
19         After carefully considering the parties' arguments and thoroughly reviewing the materials the
20  parties submitted in support, the Court agrees with HUSD that Plaintiffs' have failed to make a
21  showing sufficient for this Court to grant relief under section 946.6.  Plaintiffs have not proffered
22  any evidence demonstrating that, within the six months following the incident, they exercised
23  reasonable diligence in either retaining legal counsel to assist them in bringing their claim or with
24  researching the evidentiary and legal bases for their claims.  By their own admission, Plaintiffs did
25  not contact an attorney until "well after" the six month claim-filing deadline had elapsed.  (Mot. at 2;

---

[5] HUSD adamantly opposes Plaintiffs' argument and recitation of facts.  For purposes of the instant Motion, the Court does not need to delve into factual disputes, and therefore only sets forth Plaintiffs' statement of the underlying facts for the purpose of presenting and giving context to Plaintiffs' arguments relating to excusable neglect under section 946.6(c)(1).

7

1  Rahimi Decl. at ¶4.) While they indicate that after contacting legal counsel, an investigation
2  (presumably by counsel) revealed the 1958 agreement upon which Plaintiffs seek to premise
3  HUSD's liability for the wrongful death of their son, Plaintiffs have failed to explain or present any
4  evidence showing that, had they contacted counsel *within the initial six months after the incident*,
5  that agreement would have been undiscoverable. This then leads the Court to find that if *Plaintiffs*
6  *had exercised reasonable diligence by retaining counsel to assist them with this matter within six*
7  *months after the incident*, they would have learned of both the 1958 agreement and the CTCA's
8  claim-filing requirement and attendant deadlines and been in a position to timely file their notice of
9  claim.

10  Further, although the Court accepts Plaintiffs' representation that they were unfamiliar with
11  the legal system and California's tort-claim filing requirement, California courts have previously
12  considered similar arguments and rejected them as a basis for granting relief under section 946.6.
13  *See, e.g., Isenhower*, 105 Cal. App. 4th at 44-45; *Tsinggaris v. State of Cal.*, 91 Cal. App. 3d 312,
14  314 (Cal. Ct. App. 1979). While the notice of claim requirement may not be obvious to the average
15  person, as the California Court of Appeal aptly opined in *Isenhower*, "this demonstrates why the
16  exercise of reasonable diligence requires a person to make at least *some effort* to seek out counsel
17  when confronted with a tragedy such as the one at bar." 105 Cal. App. 4th at 45. Likewise,
18  although Plaintiffs may not have contemplated an action against HUSD until after consulting with
19  counsel, "[i]t is precisely because theories of third-party liability are subtle, complex, and often not
20  readily apparent to a layman that due diligence requires at least consultation with legal counsel." *Id*.
21  at 46. Thus, the Court finds that Plaintiffs have failed to demonstrate by a preponderance of the
22  evidence that their failure to present HUSD with their tort claim was the result of excusable neglect.

23  The same analysis compels the Court to reject Plaintiffs' alternate theories of mistake and/or
24  inadvertence. "The issue of which mistakes of law constitute excusable neglect presents a fact
25  question; the determining factors are the reasonableness of the misconception and the justifiability of
26  lack of determination of the correct law." *Hernandez v. Gercetti*, 68 Cal. App. 4th 675, 683-84 (Cal.
27  Ct. App. 1998) (internal citations omitted). "Although an honest mistake of law is a valid ground
28  for relief where a problem is complex and debatable, ignorance of the law coupled with negligence

8

in ascertaining it will certainly sustain a finding denying relief." *Id*. Here, Plaintiffs contend that they were mistaken, in that they did not know that HUSD "had any legal and/or contractual obligation to supervise school children, such as Ahmad Rashed Rahimi, who were physically off of the school premises, crossing the railway tracks in order to gain access to the rear of Tennyson High [S]chool[.]" (Mot. at 7.) Plaintiffs' purported "mistake," however, is not a mistake as to the known facts and the legal consequence of such facts, but is rather their unawareness of facts and theories of potential liability. As discussed above, the facts and legal theories upon which Plaintiffs premise their claims against HUSD were brought to their attention after they retained counsel. Had Plaintiffs exercised diligence in consulting counsel soon after the incident, Plaintiffs would have uncovered the 1958 agreement and been advised of their potential claims against HUSD and the claim filing-requirements. The Court therefore finds that Plaintiffs have failed to present sufficient evidence of mistake to entitle them to relief under section 946.6.

In sum, the Court finds that Plaintiffs have failed to demonstrate by a preponderance of the evidence that their failure to timely comply with the six-month claim-filing requirement deadline in section 911.2 was the result of mistake, inadvertence, surprise, or excusable neglect. The Court will therefore deny Plaintiffs' Motion for relief from section 945.4's claim-filing requirement.

### IV.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion to Permit an Action Which Exceeds the Total Amount of Government Claim in its entirety (Dkt. #41).

The Court further **ORDERS** that Plaintiffs and HUSD shall either file a stipulation dismissing HUSD as a defendant in this action, or HUSD shall file a Motion to Dismiss within 10 days of the filing of this Order.

**IT IS SO ORDERED.**

Dated:  June 30, 2009

MARIA-ELENA JAMES
Chief United States Magistrate Judge

9